### EVEREADY PEST CONTROL SERVICE, et al v. CITY OF MIAMI BEACH.
No. 68-1553.

Circuit Court, Dade County.

October 25, 1968.

Norman F. Solomon, Miami, for plaintiffs.

Joseph A. Wanick, City Attorney, for defendant.

J. GWYNN PARKER, Circuit Judge.

*Final judgment:* This cause coming on for trial before the court on September 6, 1968, the parties having heretofore submitted memorandums of law, and the court having fully considered the evidence and the argument of counsel, makes the following findings of fact —

Eugene L. Solomon, doing business as Eveready Pest Control Service, and Israel L. McKinney, who operates under the name of A.A. Exterminators, bring this suit against the city of Miami Beach on behalf of themselves and all other exterminator firms whose businesses are located outside the city limits of Miami Beach, but who perform exterminator services within the city limits, seeking injunctive relief against the city regarding payment of the occupational license for exterminators required by the city of Miami Beach.

The two plaintiffs function as exterminators in essentially the same manner. Both are engaged in general household pest control, subterranean termite control, control by fumigation, and lawn and horticulture pest control. Generally, an exterminating job is surveyed by a qualified employee of the exterminator company, a proposal drawn up as to the type of pest control procedure to be followed and, if the proposal is accepted, the personnel dispatched to do the job, and a billing of the customer for services rendered. Eveready's headquarters has been located for the past ten years at 5790 West Flagler St. in Miami, and A. A. Exterminators located at 4712 West Flagler St. in Miami, both addresses being outside the city limits of Miami Beach.

The amount of the occupational license issued to the plaintiffs for the fiscal year ending at midnight October 31, 1967, was $44.30. At 10:20 a.m. on November 1, 1967, the city council of the city passed, as an emergency measure, resolution no. 1720, increasing the cost of the occupational license to $74.50, retroactive to 12:01 the morning of November 1, 1967, the beginning of the new fiscal year for occupational licenses. Prior to November 1, the city had sent notices to all holders of occupational licenses for the year 1966-1967, advising holders of the license that the new occupational license year would begin November 1, 1967, and specifying the price to be $44.30. Some exterminators purchased their licenses before November 1, 1967, and paid only $44.30. Plaintiff Solomon, though receiving his aforesaid notice of the occupational license, did not tender payment for same until emergency ordinance no. 1720 had been passed, requiring the payment of $74.50.

Plaintiff Solomon operates with five trucks and four employees and McKinney employs three people in his business; both operate exclusively out of their headquarters and maintain no branch office, warehouse, or department based within the city limits of Miami Beach. Both have numerous customers whom they serve within the city of Miami Beach, which they service periodically, usually on a monthly basis.

Both plaintiffs possess licenses issued by the State Board of Health, which is required by the city before any occupational license will be issued to them. All the city requires when an applicant for a termite control occupational license is a certificate from the Florida Pest Control Commission, which each of the plaintiffs possesses.

State law requires a pest control firm in doing certain types of fumigating work, such as fumigating under a tent, to notify the fire department of the area concerned. The only supervision defendant city exercises over work done by pest control firms in its city is an irregular but not systematic supervision over some types of fumigating pest control services, such as checking to see if a guard is on duty where a tent is being used to fumigate a building. The city admits it has no powers to require a pest control firm to perform the work in a particular way, or conform to any particular standards or procedures.

Plaintiffs contend the city has no authority to require payment of occupational taxes for firms headquartered and situated outside the territorial limits of the city of Miami Beach but who do perform pest control services within the city limits. In other words, if their place of business is not within the confines of the city itself, then the city has no authority to require the procuring of an occupational license to perform exterminator services in the city. The plaintiffs also challenge the validity of the passage of ordinance no. 1720, as an emergency measure, on November 1, 1967, and they also contend that the price required for an occupational license for exterminators was not uniform and that emergency ordinance no. 1720 was retroactive, and therefore illegal and unenforceable on the two plaintiffs and all others similarly situated.

Defendant city sets up no standards of qualifications for exterminators operating in the city, nor does it exercise any supervision over the operations of exterminators, such as plaintiffs. The ordinance requiring the occupational license is purely a revenue-raising measure.

The city has the authority to increase the occupational license from $44.30 to $74.50. This court does not find this increase unreasonable; moreover, the manner in which the increase was effected was proper. The $74.50 occupational license fee for exterminators is valid and applicable to those exterminating businesses whose business locations lie within the territorial limits of the city of Miami Beach but is invalid and does not apply to exterminating businesses whose business locations lie beyond the territorial limits of the city. The plaintiffs' business locations are situated outside

the limits of the city, and only the actual exterminating procedures are conducted within the confines of the city for a particular customer. The city does not pretend to regulate how they do this exterminating work, nor does it have the authority to do so. All other phases of the work carried on by the plaintiffs in caring for their customers living in Miami Beach are carried on at the business locations; that is, at their respective headquarters.

The occupational license is a tax imposed on plaintiffs solely because they perform exterminating work for customers within the city; this necessarily indirectly imposes a tax on that part of plaintiffs' operations, in serving said residents of the city, carried on outside the city. The city has no such extra-territorial power, and any such tax is unconstitutional and void. A municipality cannot divide a business transaction into its component parts and levy a revenue tax on the part carried on within the municipality where the effect would be to subject that part of the business carried on elsewhere to the municipality's tax law. Duffin v. Tucker (Fla. 1934), 153 So. 298.

Therefore, the enforcement of the occupational license requirement of chapter 20 of the Code of the City of Miami Beach, 1964, as to plaintiffs, Eugene L. Solomon, doing business as Eveready Pest Control Service, and Bess B. Gummoe and I. L. McKinney, doing business as A. A. Exterminators, and those exterminators who are engaged in the exterminating business in the city of Miami Beach but whose principal business locations are located outside said city is unconstitutional and its application is of no force and effect as to said parties, and the city is permanently enjoined from demanding or requiring the payment of such occupational licenses from said parties.

It is therefore ordered and adjudged — (1) That the application of chapter 20, §17 (76) of the Code of the City of Miami Beach, as existing on October 30, 1967, and as amended by ordinance no. 1672 of the city of Miami Beach, to the plaintiffs and all those similarly situated in the operation of their businesses, is unconstitutional and void and of no force and effect. (2) That the city is permanently enjoined from requiring the payment of occupational licenses from plaintiffs and all those similarly situated, that is, the plaintiffs and those persons or corporations engaged in the exterminating business within the municipal limits of the city of Miami Beach, but whose headquarters are located without the municipal limits of the city of Miami Beach, and who maintain no offices or places of business within the municipal limits of the city of Miami Beach. (3) The court retains jurisdiction to enforce this final judgment. (4) Costs shall be taxed upon motion.